UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DUNG NGUYEN                                          CIVIL ACTION

VERSUS                                               NO. 19-14785

JOSEPH ELLIOTT, GEORGE                               SECTION "R" (4)
DAYIEB, AND STATE FARM
MUTUAL AUTOMOBILE
INSURANCE COMPANY

# ORDER AND REASONS

The Court has received plaintiff Dung Nguyen's motion to remand this matter to state court.[1] Because defendants have not established that the amount in controversy is over $75,000, the Court grants the motion to remand.

## I. BACKGROUND

This case arises from a car accident.[2] On December 19, 2018, plaintiff alleges that she was driving a 2009 Honda Civic on the highway when

---

[1]   R. Doc. 8.
[2]   *See* R. Doc. 1-1 at 2 ¶¶ III-V.

defendant Josh Elliott "pulled out from the right shoulder . . . in front of [plaintiff] striking the front passenger side of her vehicle."[3]

Plaintiff avers that Elliott was "an employee/lease operation of George Dayieb acting in the course and scope of his employment."[4] State Farm Mutual Automobile Insurance Company is their insurer.[5]

Plaintiff claims that "[a]s a result of the . . . accident, [she] sustained injuries to her person as described by her medical records."[6] Specifically, plaintiff claims she has sustained "[p]hysical pain and suffering, past, present and future;" "[e]motional distress and mental anguish, past, present and future;" "[m]edical expenses, past, present and future;" "[l]oss of enjoyment of life;" "[l]ost [w]ages;" and "[l]oss of [e]arning [c]apacity."[7]

Defendants removed plaintiff's suit to this Court.[8] Plaintiff now moves to remand the matter back to state court.[9]

---

3   *See id.* at 2 ¶ IV, VI.
4   *Id.* at 2 ¶ VI (emphasis omitted).
5   *See id.* at 2 ¶ VIII.
6   R. Doc. 1-1 at 2 ¶ V.
7   R. Doc. 1-1 at 4 ¶ X.
8   R. Doc. 1.
9   R. Doc. 8.

## I. LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). "[T]he removing party bears the burden of . . . show[ing] that federal jurisdiction exists." *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). And "[t]he jurisdictional facts that support removal must be judged at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). In assessing whether removal is appropriate, the Court is guided by the principle that "the removal statute should be strictly construed in favor of remand," *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), because federal courts are courts of limited jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court must remand the case to state court. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction in diversity actions. *See* 28 U.S.C. § 1332(a). For diversity jurisdiction to exist, there must be complete diversity between plaintiffs and defendants, and the amount in controversy must exceed $75,000. *See id.*; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). On the other hand, "if a plaintiff pleads damages less than the jurisdiction amount," this figure will also generally control, thereby barring removal. *See id.* "Thus, in the typical diversity case, the plaintiff remains the master of his complaint." *Id.*

Under Louisiana law, though, a plaintiff ordinarily cannot plead a specific amount of damages. *See* La. Code Civ. P. art. 893(A)(1); *Manguno*, 276 F.3d at 723. Rather, a plaintiff is permitted only to make "a general allegation that the claim exceeds or is less than" a particular amount, if making such an allegation is "necessary to establish the jurisdiction of [a] court . . . [or] the lack of jurisdiction of federal courts due to insufficiency of damages." La. Civ. Code. P. art. 893(A)(1). When, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires that "the removing defendant must prove by a preponderance of the evidence that the

4

amount in controversy exceeds $75,000." *Gebbia*, 233 F.3d at 882; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount, or by "setting forth the facts in controversy . . . that support a finding of the requisite amount." *Allen*, 63 F.3d at 1335 (emphasis omitted). "[W]here the district court is making the 'facially apparent' determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed [$75,000]." *Id.* at 1336. If "the facially apparent test is not met," the Court may then consider "summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *See id.*

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *See De Aguilar*, 47 F.3d at 1412. Absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, . . . later filings [are] irrelevant." *Id.* (first alteration in original) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)); *see also id.* at 1412 n.10 ("The general principle is that

5

plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations.").

## II.   DISCUSSION

As required by Louisiana law, the complaint does not allege a specific amount of damages. Defendants therefore must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The Court first looks to the face of the complaint to determine whether the amount in controversy is facially apparent. Plaintiff alleges that she "sustained injuries to her person as described by her medical records."[10] She does not attach these medical records to her complaint. She conclusorily seeks compensation for "[p]hysical pain and suffering, past, present and future;" "[e]motional distress and mental anguish, past, present and future;" "[m]edical expenses, past, present and future;" "[l]oss of enjoyment of life;" "[l]ost [w]ages;" and "[l]oss of [e]arning [c]apacity."[11] But plaintiff does not provide any detail as to the medical treatment required, the medical expenses incurred, the wages lost, or the pain and suffering endured. Indeed, she has not even identified what part of her body was injured. Moreover, the

---

10   R. Doc. 1-1 at 2 ¶ V.
11   *Id.* at 4 ¶ X.

6

Court finds no indication in the state court record that plaintiff requested a trial by jury, which requires the claim exceed $50,000. *See* La. Code Civ. P. art. 1732(1).

Consequently, the Court finds that plaintiff's allegations are fairly "plain vanilla," and thus it is not facially apparent that the amount in controversy requirement is satisfied. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850-51 (5th Cir. 1999) (finding it not facially apparent that amount in controversy requirement was satisfied when complaint alleged damages for "an injured shoulder, bruises, and abrasions," as well as "unidentified medical expenses," and "loss of consortium"); *Jupiter v. Lowe's Home Ctrs., Inc.*, No. 12-895, 2012 WL 2878639, at *2 (E.D. La. July 13, 2012) (finding complaint containing "vanilla" allegations that plaintiff had suffered knee injuries necessitating surgery and sought damages for "loss of enjoyment of life; physical disability, pain and suffering; past and future mental pain and suffering; disruption of bodily tissues and cells; and past, present, and future medical expenses" insufficient for providing notice that amount in controversy exceeded $75,000); *Heaverlo v. Victoria's Secret Stores*, No. 07-7303, 2008 WL 425575, at *1-3 (E.D. La. Feb. 8, 2008) (finding it not facially apparent that jurisdictional threshold was satisfied when complaint alleged that defendants in slip-and-fall case were "liable for

past and future 'physical pain and suffering, mental and emotional pain and suffering, loss of enjoyment of life, permanent physical disability and disfigurement, loss of consortium, inconvenience, expenses, statutory and legal interest, court costs and attorney fees'"); *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932, at *2-3 (E.D. La. Dec. 20, 2002); *Jeffcoats v. Rite-Aid Pharmacy*, No. 01-764, 2001 WL 1561803, at *2-3 (E.D. La. Dec. 6, 2001); *Seaman v. Tetra Applied Techs., Inc.*, No. 99-3811, 2000 WL 222851, at *2 (E.D. La. Feb. 18, 2000).

Defendants cite to *Gebbia* in support of their argument that the jurisdictional amount is facially apparent.[12] But in *Gebbia*, the Fifth Circuit found removal appropriate where plaintiff "alleged in her original state court petition that she sustained injuries to her right wrist, left knee and patella, and upper and lower back." 233 F.3d 880 at 883. The level of detail in the *Gebbia* complaint does not exist here, though, and thus the Court does not have a similar basis for determining that plaintiff's description of her injuries meet the amount in controversy.

Indeed, this Court has previously found that damage claims similar to plaintiff's—even when the injuries are pleaded with significantly more particularity than those here—do not necessarily satisfy the facially apparent

---

[12] *See* R. Doc. 10 at 5.

test.  In *Bryant v. Rosser*, No. 13-6125, 2014 WL 379147, (E.D. La. Feb. 3, 2014), for instance, a plaintiff "allegedly suffered a herniated lumbar disc, an acute left trapezius strain, an acute left cervical strain, an acute left sternocleidomastoid muscle strain, an acute left anterior chest wall strain, and an acute left upper extremity strain." *Id.* at *1.  Based on these injuries, the plaintiff requested damages for "[p]ast, present, and future medicine, drugs, hospitalization, medical care, pain and suffering, residual disabilities, lost wages, and loss of future earning capacity, mental anguish, emotional upset and distress." *Id.* (alteration in original) (quoting R. Doc. 1-1 at 3, Case No. 13-6125).  If anything, the detailed descriptions of injuries in *Bryant* provide a stronger basis for exceeding the amount-in-controversy requirement.  But the Court there held that the complaint did not facially satisfy the jurisdictional threshold. *See id.*, at *3.  The Court here likewise finds that it is not facially apparent that the amount-in-controversy requirement is satisfied.

Because the amount in controversy does not exceed $75,000 on the face of the complaint, the Court next turns to defendants' evidence. Defendants, though, offer only conclusory statements in their notice of removal and opposition to the motion to remand that the jurisdictional minimum is satisfied.  For instance, defendants argue that because "plaintiff

9

enumerates six separate categories of damages," she "will certainly seek damages exceeding $75,000."[13] But as discussed above, these assertions are relatively "plain vanilla."

The authorities cited by defendants also do not assist them at this second step of the Court's removal inquiry. In *James v. Home Depot USA, Inc.*, No. 02-1008, 2002 WL 1453824 (E.D. La. July 3, 2002), for instance, the defendant had "submitted 'summary judgment type evidence' including the results of Plaintiff's MRI, which establishes by a preponderance of the evidence that these claims exceed the jurisdictional amount." *Id.* at *2. Here, though, defendants have presented no evidence to support their claim that the jurisdictional amount has been met, much less evidence as meaningful to an assessment of possible damages as an MRI. Rather, defendants acknowledge that plaintiff "has never provided any medical records to defendants, nor any bills, nor any demand for damages."[14] *See Riley v. Wal-Mart Louisiana, LLC*, No. CV 15-5729, 2015 WL 9268160, at *2 (E.D. La. Dec. 21, 2015) ("This case is not analogous to *James* . . . . [T]here is no indication in this case of the particular injuries . . . [and] [t]he Court is aware

---

13     *See* R. Doc. 10 at 5.
14     *See* R. Doc. 10 at 3.

of no MRI's that have been conducted or of any surgery that has been recommended.").

Defendants also contend that plaintiff's failure to "offer[] . . . any assurance that she will limit her claim to less than the jurisdictional amount," supports finding that the amount in controversy has been met.[15] Insofar as this criticism applies to plaintiff's complaint itself, it is not dispositive. While this "omission is entitled to 'some consideration,'" "[m]ost Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy." *Neely v. Ashton*, No. 18-CV-0517, 2018 WL 3422784, at *2 (W.D. La. May 31, 2018) (quoting *Davis v. LeBlanc*, No. 17-CV-1171, 2017 WL 4399275, at *2 (W.D. La. Oct. 2, 2017)), *report and recommendation adopted*, No. 18-CV-0517, 2018 WL 3420818 (W.D. La. July 13, 2018). The Court therefore does not find that plaintiff's failure to specify in her complaint that the amount in controversy is below the federal jurisdictional level warrants remand.

Insofar as this criticism applies to plaintiff's refusal to enter into a stipulation,[16] it also is not dispositive. *See Trahan v. Drury Hotels Co., LLC*, No. CIV.A. 11-521, 2011 WL 2470982, at *5 (E.D. La. June 20, 2011)

---

15     *See* R. Doc. 10 at 5.
16     *See* R. Doc. 10 at 5-6.

(observing that "the weight" of refusing to stipulate "is questionable when it comes after removal").[17] "Plaintiff d[oes] not have a legal obligation to sign such a stipulation 'and, therefore, [her] refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000." *Tucker v. Cincinnati Ins. Co.*, No. CV 17-414-SDD-RLB, 2017 WL 5762436, at *4 (M.D. La. Aug. 24, 2017) (second and third alteration in original) (quoting *Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014)), *report and recommendation adopted*, No. CV 17-414-SDD-EWD, 2017 WL 5760881 (M.D. La. Nov. 28, 2017). The Court therefore does not find that plaintiff's refusal to stipulate now that the amount in controversy is below the federal jurisdictional level warrants remand. And for this reason, the Court also declines plaintiff's request to instruct the plaintiff to stipulate as to "whether plaintiff's claim will or will not ever exceed $75,000."[18]

The Court similarly declines plaintiff's request to allow "limited discovery regarding the nature and extent of plaintiff's damages and amount

---

[17] The Court notes that defendants cite this case for the proposition that remand should be disallowed as "gamesmanship." *See* R. Doc. 10 at 4. But in *Trahan*, the Court found that "appl[ying] the appropriate burdens" prevents this concern. *See* 2011 WL 2470982, at *6.

[18] *See* R. Doc. at 5.

in controversy."[19] The Fifth Circuit has "articulated . . . a clear analytical framework for evaluating" the amount in controversy for Louisiana removal cases, *see Simon*, 193 F.3d at 850, pursuant to which the defendant may prove this amount by "by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount," *see id.* (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). Defendants here have not provided these facts in their petition, or by affidavit. Overall, therefore, the Court finds that defendants have failed to carry their burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

In addition to moving to remand, plaintiff also moves for costs and attorney's fees.[20] A federal court ordering remand of an action to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "There is no automatic entitlement to an award of attorney's fees" if the court determines that the removal was legally improper; instead, the decision whether to award attorneys' fees is left to the discretion of the trial court. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

---

[19] *See* R. Doc. 10 at 6.
[20] *See* R. Doc. 8-1 at 1.

In order to determine whether an award of attorney's fees is appropriate, the court considers "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes*, 199 F.3d at 293. Here, defendants had an objectively reasonable basis to remove this case based on the authorities cited in their opposition to plaintiff's motion to remand. While defendants' arguments against removal are ultimately unpersuasive, they are not so unreasonable as to warrant an award of attorneys' fees to plaintiff. *Cf. id.* at 293-94 (declining to award attorney's fees to non-removing party even though removal was legally improper, because removing party "could conclude from th[e] case law that its position was not an unreasonable one").

## III. CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, and thus GRANTS plaintiff's motion to remand, but DENIES plaintiff's request for fees and costs.

New Orleans, Louisiana, this __3rd__ day of March, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE